United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Shane M. Keen  
Shannon L. Keen  
     Debtors

Case No. 18-14109-ref  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4      User: SaraR      Page 1 of 1      Date Rcvd: Dec 19, 2018  
                      Form ID: pdf900      Total Noticed: 3

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2018.
db/jdb      +Shane M. Keen,   Shannon L. Keen,   210 West Montgomery Street,   Allentown, PA 18103-5017

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr         +E-mail/PDF: cbp@onemainfinancial.com Dec 20 2018 02:50:41     OneMain,   PO Box 3251,   Evansville, IN 47731-3251
cr         +E-mail/PDF: gecsedi@recoverycorp.com Dec 20 2018 02:50:16     Synchrony Bank,   c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                                                                TOTAL: 2

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2018                                                              Signature: /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2018 at the address(es) listed below:
          FREDERICK L. REIGLE   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
          GEORGE M. LUTZ   on behalf of Debtor Shane M. Keen glutz@hvmllaw.com, amerkey@hvmllaw.com;r49419@notify.bestcase.com
          GEORGE M. LUTZ   on behalf of Plaintiff Shane M. Keen glutz@hvmllaw.com, amerkey@hvmllaw.com;r49419@notify.bestcase.com
          GEORGE M. LUTZ   on behalf of Joint Debtor Shannon L. Keen glutz@hvmllaw.com, amerkey@hvmllaw.com;r49419@notify.bestcase.com
          GEORGE M. LUTZ   on behalf of Plaintiff Shannon L. Keen glutz@hvmllaw.com, amerkey@hvmllaw.com;r49419@notify.bestcase.com
          KERI P EBECK   on behalf of Defendant   Consumer Portfolio Services kebeck@bernsteinlaw.com, DMcKay@bernsteinlaw.com
          KEVIN G. MCDONALD   on behalf of Creditor   Pacific Union Financial LLC bkgroup@kmllawgroup.com
          PETER E. MELTZER   on behalf of Creditor   OneMain bankruptcy@wglaw.com, ibernatski@wglaw.com
          United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM  MILLER*R   on behalf of Trustee WILLIAM  MILLER*R ecfemail@FredReigleCh13.com, ECF_FRPA@Trustee13.com
          WILLIAM  MILLER*R   ecfmail@FredReigleCh13.com,  ECF_FRPA@Trustee13.com
                                                                                                                                                  TOTAL: 11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Shannon L. Keen<br>Shane M. Keen<br>               Debtors | CHAPTER 13 |
| PACIFIC UNION FINANCIAL<br>               Movant<br>vs. | NO. 18-14109 REF |
| Shannon L. Keen<br>Shane M. Keen<br>               Debtors | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>               Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$8,458.22**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | July 2018 to December 2018 at $1,237.87/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$8,458.22** |

2. The Debtors shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$8,458.22.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$8,458.22** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due January 1, 2019 and continuing thereafter, Debtors shall pay to Movant the present regular monthly mortgage payment of $1,237.87 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtors provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 28, 2018

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: December 15, 2018

George M. Lutz, Esquire
Digitally signed by George M. Lutz, Esquire
DN: cn=George M. Lutz, Esquire, o, ou=Hartman, Valeriano, Magovern & Lutz, P.C., email=glutz@hvmllaw.com, c=US
Date: 2018.12.15 13:13:18 -05'00'

George M. Lutz, Esquire
Attorney for Debtors

Date: 12/17/18

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2018. However, the court retains discretion regarding entry of any further order.

**Date: December 19, 2018**

Bankruptcy Judge
Richard E. Fehling

Betsy Hanson
PACIFIC UNION FINANCIAL
1603 LBJ Freeway
Suite 500
Farmers Branch, TX 75234